UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BLAKE HAYDEL AND CARRIE DEWEY** | **CIVIL ACTION** |
| **VERSUS** | |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | **NO. 07-939-C-M2** |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, June 10, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BLAKE HAYDEL AND CARRIE DEWEY | CIVIL ACTION |
| VERSUS | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | NO. 07-939-C-M2 |

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Motion to Remand (R. Doc. 5) filed by plaintiffs, Blake Haydel ("Haydel") and Carrie Dewey ("Dewey") (collectively "plaintiffs"). Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), has filed an opposition (R. Doc. 8) to plaintiffs' motion.

## FACTS & PROCEDURAL BACKGROUND

On November 6, 2007, plaintiffs filed this lawsuit in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana. In their petition for damages, they allege that, on or about December 2, 2006, a collision occurred on Burbank Boulevard, approximately three hundred (300) feet west of La. 1248 in East Baton Rouge Parish, involving a 1999 Mercury Mountaineer, owned and driven by Jason Elkins ("Elkins"), and a 1994 Toyota pickup truck, owned and driven by Haydel and also occupied by Dewey. Plaintiffs contend that Elkins was cited as being solely at fault for the collision in the police report. They further assert that, as a result of the accident, Haydel has "suffered severe physical injuries, including but not exclusively limited to, the following: (a) Severe cervical, lumbar, and thoracic ligament, muscle and spinal injuries; and (b) Numerous bruises and contusions of the entire body." Dewey is alleged to have "suffered severe physical injuries, including, but not exclusively limited to, the following: (a) Severe cervical, lumbar, and

1

thoracic ligament, muscle and spinal injuries; (b) Concussion/head injuries; (c) Post traumatic stress disorder and depression; and (d) Numerous bruises and contusions of the entire body." Additionally, plaintiffs contend they have suffered, continue to suffer, and/or will suffer in the future the following: (a) Severe physical pain; (b) Severe mental anguish and distress; (c) Functional and anatomical disability; (d) Loss of earnings and earning capacity; (e) Severe physical disfigurement; (f) Loss of enjoyment of life; and (g) Inability to engage in and perform personal activities. Finally, plaintiffs assert that they have incurred "significant medical expenses to diagnose and treat their injuries."

According to the petition, Elkins was covered by a policy of automobile liability insurance issued by Progressive Security Insurance Company at the time of the collision in question, and Progressive has paid plaintiffs its $10,000.00/$20,000.00 policy limits in exchange for a release of its insured. At the time of the accident, Haydel was covered by a policy of automobile uninsured/underinsured insurance ("UM policy") issued by State Farm. Plaintiffs assert that, despite submission of sufficient proofs of loss, State Farm has arbitrarily, capriciously, and without reasonable cause refused to timely tender a reasonable sum pursuant to the underinsured motorist provision of the policy contrary to La.R.S. 22:658 and 22:1220 and is liable for amounts due under the UM policy as well as for penalties and attorney's fees as provided by law.

On December 11, 2007, State Farm removed plaintiffs' action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441. Plaintiffs have now filed the present motion, seeking remand of their case to state court because their claim for damages is allegedly worth less than the amount required for diversity jurisdiction and because the record does not demonstrate that plaintiff's claims exceed that

amount.

## **LAW & ANALYSIS**

Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy: (1) exceeds $75,000.00, exclusive of interest and costs, and (2) is between citizens of different states.[1]  Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).  A defendant makes that showing when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed $75.000.00.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If it is not "facially apparent," the court may rely on "summary judgment-type" evidence relevant to the amount in controversy at the time of removal to make the determination.  *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)*; White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).  All doubts and uncertainties regarding federal jurisdiction must be resolved in favor of remand.  *Sutherland v. First Nationwide Mortgage Corp.*, 2000 WL 1060362 (N.D. Tex 2000).  Under any manner of proof, jurisdictional facts which support removal must be judged at the time of removal, and post-petition affidavits are allowable only if relevant to that period of time.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

---

[1] It is undisputed that the parties in this matter are citizens of different states; thus, the only issue herein is whether the requisite amount is in controversy for purposes of diversity jurisdiction.

If a removing defendant shows that the amount in controversy is likely to exceed the federal jurisdictional minimum, the burden then shifts to the plaintiff to show that it is a "legal certainty" that he or she will not be able to recover the jurisdictional amount – a burden which can be met by: (1) showing state procedural rules binding the plaintiffs to their pleadings;[2] or (2) filing a binding stipulation or affidavit to that effect with the complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995).

Based upon a review solely of the allegations in the state court petition in this matter, it is not "facially apparent" that the plaintiffs' claims are likely to exceed $75,000.00, exclusive of interest and costs. Since plaintiffs are not permitted to claim a specific monetary amount of damages in their petition and they have only set forth a list of the usual and customary damages claimed by personal injury plaintiffs, the petition provides little guidance as to the monetary amount of damages plaintiffs have or will incur in this matter.

Because the amount in controversy remains ambiguous after considering the allegations in the petition, the Court is permitted to consider any summary judgment-type evidence submitted by State Farm as to the amount in controversy as of the time of removal. State Farm has submitted a copy of the "Certification of Coverage" page for the UM policy in question, which indicates that, at the time of the subject accident, the applicable policy limits were $100,000.00 per person and $300,000.00 per accident. *See*, Exhibit 1 to State Farm's opposition. This evidence of policy limits alone, however, does not establish that the amount in controversy exceeds the jurisdictional minimum, where the

---

[2] For example, the plaintiffs' state court petition might cite a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* clause from being increased by amendment.

plaintiffs have not alleged in their state court petition that they are claiming damages in the amount of the policy limits.  The Fifth Circuit Court of Appeals has held that, in a claim based upon recovery under an insurance policy, it is the "value of the claim, not the value of the underlying policy, that determines the amount in controversy."  *See, Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 911 (5th Cir. 2002); *Mediamolle v. State Farm Ins. Co.*, 2008 WL 834378 (E.D. La. 2008)(where the plaintiff did not assert that the amount of his claim approaches or exceeds the policy limits, and the court held that the policy limits were not determinative of the amount in controversy); *Sea Trek, Inc. v. Sunderland Marine Mut. Ins. Co.*, 1995 WL 442062 (E.D. La. 1995)(calculating the amount in controversy based upon receipts and affidavits as to actual damages suffered).

In addition to the "Certification of Coverage" page, however, State Farm has also submitted copies of two pre-suit settlement demand letters, dated August 24, 2007, relating to each of the plaintiffs, wherein plaintiffs' counsel makes requests for "tender of the limits" under the UM policy in question pursuant to La. R.S. 22:1220 and 22:658 for each of the plaintiff's claims.  *See*, Exhibit 2, *in globo*, to State Farm's opposition.  In those letters, plaintiffs' counsel provides detailed descriptions of the physical injuries and treatment incurred by Haydel and Dewey and notes that their medical treatment is still ongoing and that updated records "will be forwarded upon receipt."[3]  Plaintiffs' counsel explains that

---

[3] According to the medical summaries provided in the settlement demand letters, as a result of the accident, Haydel suffered a mild disc bulge at C5-6 and lower back and neck pain, with numbness and tingling in his left arm with a similar phenomenon going into his left leg, for which he received treatment in the emergency room, chiropractic therapy, and orthopaedic treatment.  As of the time the settlement demand letter was sent on August 24, 2007, Haydel was still being treated by an orthopaedist, Dr. F. Allen Johnston.  As a result of the accident, Dewey suffered a chronic cervical strain, cervical spasms, and chronic low back pain.  She also experienced a concussion

5

Dewey has incurred medical expenses in the total amount of $10,075.14 for injuries associated with the subject accident; that she has incurred a loss of wages; and that she has "suffered pain in the past and continues to suffer pain in the future as a result of the collision." Similarly, relative to Haydel, plaintiffs' counsel notes that he has incurred medical expenses in the total amount of $8,139.05; that he has incurred a loss of wages; and that he also has suffered and continues to suffer from pain due to the accident. *Id.*

Although the Fifth Circuit Court of Appeals has definitively held that a settlement demand letter may be considered an "other paper" which commences the running of the period for filing a notice of removal under 28 U.S.C. §1446(b),[4] it has not conclusively addressed the issue of whether a pre-petition settlement demand letter can be considered as relevant evidence of the amount in controversy. However, it can be inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims.[5]

---

and headaches as a result of her head hitting and breaking the back window of the vehicle in which she was riding at the time of the collision. She was treated in the emergency room; underwent physical therapy; and received orthopaedic treatment relative to her physical injuries. She also received psychotherapy treatment as a result of depression and anxiety resulting from the accident. At the time the settlement demand letter was sent on August 24, 2007, she was also scheduled for follow up treatment with Dr. Johnston. *Id.*

[4] Pursuant to 28 U.S.C. §1446(b), if a case stated by an initial pleading is not removable, a notice of removal may be filed within thirty (30) days after receipt by the defendant of a copy of "an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." [Emphasis added.]; 28 U.S.C. §1446(b).

[5] In *Pollet v. Sears Roebuck and Co.*, 2002 WL 1939917 (5th Cir. 2002), the Fifth Circuit Court of Appeal held that a *post-removal* settlement demand by the plaintiff was immaterial to its determination of whether the plaintiff's claims exceeded the jurisdictional minimum. However, the court specifically noted that several of its sister

6

Furthermore, both this Court and the Eastern District of Louisiana have previously considered settlement demands as "valuable evidence" in determining the amount in controversy,[6] as have numerous courts in other jurisdictions. Specifically, courts in other circuits have held that, while a settlement offer itself "may not be determinative" it may "count [ ] for something" and may be considered relevant if it appears "to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).[7][8] Several courts have even found that a settlement demand alone is sufficient

---

courts have considered settlement offers or demands in connection with the jurisdictional amount determination, finding that while the settlement offer itself "may not be determinative," it may "count [ ] for something" and may be considered relevant if it appears "to reflect a reasonable estimate of the plaintiff's claim." [Emphasis added.] *Id.*, at *1. The Fifth Circuit concluded that the reasoning of its sister courts in favor of considering settlement offers was unpersuasive in the "instant, distinguishable circumstance" in *Pollet*, which involved a *post-removal* settlement demand letter being used by the plaintiff in an effort at proving that the amount in controversy did *not* exceed $75,000.00. *Id.* Thus, it could be inferred from the Fifth Circuit's holding in *Pollet* that, in other distinguishable circumstances such as those in the present case, where a defendant is attempting to use a pre-removal settlement demand letter as evidence of the value of a plaintiff's claims, the Fifth Circuit would find the demand letter relevant to the jurisdictional amount determination.

*See also, Hartford Insurance Group v. Lou-Con Inc.*, 293 F.3d 908 (5th Cir. 2002)(where the court noted, without discussion of the issue, that the "serious nature of the allegations" raised in a settlement demand letter and the proposed settlement amount were considered in making the jurisdictional amount determination); *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir. 1994)("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000, it is 'apparent' that removal was proper").

[6] *See, Fairchild v. State Farm Mutual Automobile Ins. Co.*, 907 F.Supp. 969, 971 (M.D. La. 1995)(citing *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir. 1994))(holding that the amount of a settlement offer "is valuable evidence to indicate the amount in controversy at the time of removal"); *Lonon v. Prieto*, 2000WL 913808 (E.D. La. 2000).

[7] *See, Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-30 (7th Cir. 1997)(plaintiff's settlement offer is properly consulted in determining "plaintiff's assessment of the value of her case"); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097

to support removal jurisdiction where the plaintiff does not argue in opposition to removal that his settlement demand was inflated or was not an honest assessment of his damages. *Baxter*, at *2.[9]

---

(11th Cir. 1994)(while a "settlement offer, by itself, is not determinative, it counts for something," and "great weight" should be given to the plaintiff's assessment of a case's value when determining removal jurisdiction); *Arellano v. Home Depot U.S.A., Inc.*, 245 F.Supp.2d 1102 (S.D. Ca. 2003)(If damages are not clearly specified in the pleadings, the court may rely upon a variety of documents, including written settlement demands to determine the amount in controversy.  Settlement offers are "relevant evidence of the amount if controversy if they appear to reflect a reasonable estimate of the plaintiff's claim"); *Krajca v. Southland Corp.*, 206 F.Supp.2d 1079 (D. Nev. 2002); *Del Real v. Healthsouth Corp.*, 171 F.Supp.2d 1041, 1043 (D.Ariz. 2001); *Baxter v. National Safety Council*, 2005 Wl 2219369 (W.D. Wash. 2005); *Vermande v. Hyundai Motor America, Inc.*, 351 F.Supp.2d 195 (D. Conn. 2004); *Lapree v. Prudential Financial*, 385 F.Supp.2d 839 (S.D. Iowa 2005); *Ciancaglione v. Sutherlin*, 2004 WL 2040342 (E.D. Pa. 2004)(Defendants were held to have satisfied their burden of proving the requisite amount in controversy where they submitted a pre-complaint settlement demand letter seeking over $201,000.00).

*Compare, Simmons v. PCR Technology*, 209 F.Supp.2d 1029 (N.D. Cal. 2002)(where the court gave little credence to a plaintiff's *post-removal* settlement demand letter and stipulation to damages below the jurisdictional amount).

[8] Like other courts, the undersigned also rejects the argument that Fed. R. Evid. 408 prohibits the use of settlement offers in determining the amount in controversy, as Rule 408 only disallows use of settlement letters to prove "liability for or invalidity of the claim or its amount."  Rule 408 is inapplicable to the jurisdictional amount issue because evidence of the settlement offer is not being offered to establish the amount of State Farm's liability but instead merely to indicate plaintiffs' assessment of the value of their claims.

[9] *See also, Cohn*, at 840; *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

In the present case, plaintiffs have not argued in their motion to remand that their demands for a "tender of the limits" of the UM policy in question submitted to defense counsel on August 24, 2007 were inflated or that such demands were not an honest assessment of their damages. The fact that the demand letters contain several pages addressing each plaintiffs' injuries, treatment, and medical expenses in detail (with reference to supporting records and billing) cautions against finding that the letters were not an honest assessment of the plaintiffs' damages. *Baxter*, at *2.[10] Additionally, the Fifth Circuit has held that, when a demand is made against an insurance policy up to its limits, statutorily allowed penalties and attorneys' fees should also be used to determine the amount in controversy. *Hartford*, at 911-912.[11] Accordingly, considering the plaintiffs'

---

[10] Although State Farm failed to attach copies of the settlement demand letters to its notice of removal (and plaintiffs contend that remand therefore is appropriate because there was no evidence in the record as to the amount in controversy at the time of removal), the Court nevertheless finds that it can consider the settlement demand letters submitted with State Farm's present opposition because they relate to the jurisdictional facts as they existed at the time of removal. *See, Edwards v. Blue Cross/Blue Shield of Texas*, 2005 WL 1240577 (N.D. Tex. 2005)(In making the jurisdictional amount determination, the court did not ignore an affidavit which attested to the jurisdictional facts as they existed at the time of removal simply because the defendant failed to timely allege those facts in its notice of removal); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999)(While a court may not consider the entire post-removal record to make the jurisdictional amount determination, it may consider post-petition affidavits and evidence if they are relevant to the time of removal); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)("The jurisdictional facts that support removal must be judged at the time of the removal . . . [P]ost-removal affidavits may be considered in determining the amount in controversy at the time of removal, . . .only if the basis for jurisdiction is ambiguous at the time of removal"). As noted above, based solely upon the plaintiffs' state court petition, the amount in controversy was ambiguous; thus, the Court is allowed to consider plaintiffs' pre-petition settlement demands to clarify the amount in controversy.

[11] In their petition and demand letters, plaintiffs assert a claim for statutory penalties and attorney's fees pursuant to La. R.S. 22:1220 and 22:658 based upon State Farm's alleged arbitrary and capricious failure to timely tender a reasonable sum

9

demands to settle this case for the policy limits of $100,000.00 per person/$300,000.00 per accident, in addition to the potential statutorily allowed penalties and fees that they are claiming, the Court finds that State Farm has met its burden of proving that the amount in controversy exceeds the minimum required for diversity jurisdiction. *See, Petty v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 4468711 (N.D. Miss. 2007)(The defendant submitted a letter from the plaintiffs' attorney offering to settle the case for the available policy limits of $100,000, which is an amount in excess of the federal jurisdictional amount. Because the plaintiffs' complaint failed to allege a specific amount of damages, the court held that such proof was sufficient to show, beyond a preponderance of the evidence, that the jurisdictional minimum was present).[12] [13]

---

pursuant to the UM policy upon receipt of sufficient proof of loss by the plaintiffs. La. R.S. 22:1220 provides that, in addition to general or special damages to which a claimant is entitled for breach of duty, a claimant may be awarded penalties assessed against an insurer in an amount not to exceed two (2) times the damages sustained or $5,000.00, whichever is greater. La. R.S. 22:1220. La. R.S. 22:658 provides that insurers shall pay the amount of any claim due any insured within thirty (30) days after receipt of satisfactory proofs of loss from the insured, and failure to do so as a result of "bad faith" can result in statutory penalties of fifty percent (50%) of the amount owed or $1,000.00, whichever is greater, as well as attorney's fees and costs. La. R.S. 22:658.

[12] *See also, In re Katrina Canal Breaches Consolidated Litigation*, 2008 WL 782464 (E.D. La. 2008)(where the plaintiffs alleged the defendant failed to tender the full amount of the policy limits and that the insurer had been arbitrary and capricious in the adjustment and handling of the claim pursuant to La. R.S. 22:658 and 22:1220; the court found that the amount in controversy "clearly" met the requisite jurisdictional amount for diversity jurisdiction); *Williams v. Safeco Ins. Co. of America*, 74 F.Supp.2d 925 (W.D.Mo. 1999)("[T]he defendant had actual knowledge that the amount in controversy exceeded $75,000 when the demand letters [which demanded settlement in the amount of the policy limits of $100,000] were made, which was before the filing of the petition").

[13] This conclusion is supported by the Eastern District of Pennsylvania's decision in *Ciancaglione v. Sutherlin*, 2004 WL 2040342 (E.D. Pa. 2004). In that case, the defendants relied upon a settlement demand letter submitted to them by plaintiffs'

10

Finally, in addition to relying upon the summary judgment-type evidence discussed above to establish that the jurisdictional minimum is in controversy in this case, State Farm also relies upon the fact that the plaintiffs failed to allege in their petition that the amount of their claims is less than the requisite amount for federal jurisdiction as required by La.C.C.P. art. 893.[14] This Court has held that the failure to make such an allegation is not, in and of itself, determinative of the amount in controversy; however, such failure is entitled to "some consideration" in making the jurisdictional amount determination. *See, Weber v. Stevenson*, 2007 WL 4441261 (M.D.La. 2007). Thus, considering plaintiffs' failure to include such an allegation in their state court petition, the summary judgment-type evidence discussed above, and the plaintiffs' failure to come forward with any evidence demonstrating, to a legal certainty, that their claims will not exceed the jurisdictional minimum, the Court finds that remand is not appropriate, and plaintiffs' present motion should therefore be denied.

---

counsel before the state court complaint was filed, in which the plaintiffs demanded $201,067.25 to settle their case. *Id.*, at *2. In the letter, plaintiffs' counsel documented in detail the compensation the plaintiffs were claiming for medical expenses, wage losses, and additional, unspecified sums to cover the injured party's potential future injuries and complications arising as a result of the accident, future lost earnings, and pain and suffering. *Id.* As in this case, plaintiffs' counsel did not disavow the valuations in the demand letter after removal, and the court found that, if the allegations contained in the letter were true and a jury found the defendant liable, the plaintiffs could certainly be awarded well in excess of $75,000.00 in damages. *Id.* The court concluded that "a reasonable reading of the value of the rights being litigated" led to the conclusion that the defendants had met their burden of establishing that the amount in controversy exceeds $75,000.00. *Id.*, at *3. For the same reasons, the Court finds that State Farm has met its burden of proof in the present case.

[14] La.C.C.P. art. 893(A)(1) provides, in pertinent part, that, if a specific amount of damages is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages, a general allegation that the claim is less than the requisite amount is required. La. C.C.P. art. 893(A)(1).

**RECOMMENDATION**

For the above reasons, it is recommended that the Motion to Remand (R. Doc. 5) filed by plaintiffs, Blake Haydel and Carrie Dewey, should be **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, June 10, 2008.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**